UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DARIN JEFFERS, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and
THOMAS CORBETT as Trustees and fiduciaries
of the Local 282 Welfare Trust Fund, the Local
282 Pension Trust Fund, the Local 282 Annuity
Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and
Sick Leave Trust Fund,

                              Plaintiffs,

                          **REPORT &**
                          **RECOMMENDATION**
    -against-                    19-CV-2077 (JS) (AYS)

NASTASI & ASSOCIATES, INC.,

                              Defendant.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Having reviewed all of the moving papers, the Court hereby finds as follows:
    *Service of Process and Default*
☑ The record reflects that proper service was made on defendant. **DE [7].**

☑ According to the record, no answer, motion or other appearance was filed on behalf of defendant.

☑ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) **DE [9].**

☑ A copy of the Original signed CBA was submitted. **DE [13-2], [13-3]** which cover the specified time period.

☑ Required Notices were sent to Plaintiff. **Compl. ¶ 14, DE [1].**

    ☑ A Summons was issued and the Defendant was served on April 24, 2019. **See DE [7].**
    ☑ When Defendant failed to answer or otherwise respond to the Complaint, at Plaintiff's request the Clerk of Court entered default against all Defendants. **See DE [8].**

I.   Liability

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, this Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the Defendant's liability on the following cause(s) of this action. Thus, the Court respectfully recommends that Plaintiffs' motion for default judgment be GRANTED.

II.   Damages

Damages based on estimated unpaid contributions are authorized under Section 502 of ERISA. Gesualdi v. Mechanical Insulation, Inc., No. 14-CV-0724 (JS)(SIL), 2015 WL 729728, at *7 (E.D.N.Y. Feb. 18, 2015); see also Ferrara v. Metro D Excavation & Found., Inc., No. 10 CV 4215 SLT LB, 2011 WL 3610896, at *8 (E.D.N.Y. July 7, 2011), report and recommendation adopted, No. 10-CV-4215 SLT LB, 2011 WL 3625448 (E.D.N.Y. Aug. 16, 2011).

Based upon ☐ a hearing or ☑ review of affidavits and other documentary evidence, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997)(court may rely upon affidavits and documents in calculating damages upon default), the Court finds that Plaintiffs have established damages in the following amounts as against Defendant.

|  |  | Percentage Rate | Time Period | Document supporting award |
|---|---|---|---|---|
| Principal Contributions | $36,960.46 | N/A | July 30, 2014 – March 31, 2015 | CBA, Sec 18 at p. 16-17, DE [13-2]; DE [13-3]; Trust Agmt., Art. IX at p. 24-28, DE [13-1] at ¶ 3; DE [13] ¶¶ 19-35; DE [12] ¶¶ 11 – 38; DE [14] ¶¶ 5-9 |
| Interest on late contributions | $96.57 | 1.5 % per month of each monthly amount due for each month | November 2014 | CBA, Sec. 18 at p. 16-17, DE [13-2]; Trust Agmt., Art. IX, Sec. 3, DE [13-1], DE [13] ¶¶ 32-35 |
| Interest on missing contributions | $28,161.49 | 18% per annum | July 30, 2014 – March 27, 2019 | CBA, Sec. 18 DE [13-2]; Trust Agmt., Art. IX, Sec. 3 at p 27-28, DE [13-1], DE [13] ¶¶ 26-28; DE [13-6] |
| Additional Interest | $18.22 | N/A | March 28, 2019 - judgment | CBA, Sec. 18 DE [13-2]; Trust Agmt., Art. IX, Sec. 3 at p 27-28, DE [13-1], DE [13] ¶¶ 26-28; DE [13-6] |
| Liquidated Damages [1] | $28,161.49 | 18% per annum | July 30, 2014- March 27, 2019 | CBA, Sec. 18 DE [13-2]; Trust Agmt., Art. IX, |

---

1. In order to be enforceable, a liquidated damages provision in a labor agreement must satisfy two conditions: (1) 'the harm caused by the breach must be very difficult or impossible to estimate' and (2) 'the amount fixed must be a reasonable forecast of just compensation for the harm caused.' " Gesualdi v. Fortunata Carting, Inc., 5 F. Supp. 3d 262, 278 (E.D.N.Y. 2014) (citations omitted). However, if the interest amount is de minimus or the nature of the damages is related to delay in payment, an "inquiry into the propriety of liquidated damages may not be necessary." Fortunata Carting, Inc., 5 F. Supp. 3d at 278.

3

|  |  |  |  | Sec. 3 at p 27-28, DE [13-1], DE [12] ¶¶ 22, 24; DE [13] ¶¶ 29-30 |
| --- | --- | --- | --- | --- |
| Liquidated Damages on Late Contributions | $1,506.51 | 20% of the unpaid contributions | November 2014 | CBA, Sec. 18 DE [13-2]; Trust Agmt., Art. IX, Sec. 3 at p 27-28, DE [13-1], DE [12] ¶¶ 22, 24; DE [13] ¶¶ 29-30 |
| Audit Fees[2] | N/A | N/A | N/A | N/A |
| **Total** | **$94,886.52** |  |  |  |
|  |  |  |  |  |

Attorney's Fees & Other Costs

Plaintiffs are also entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. § 1132(g)(2), "which mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C., 2006 WL 1025075, at *5 (E.D.N.Y March 24, 2006) (adopted on April 19, 2006 (ARR)). As a general matter in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ( "Both this Court and the Supreme Court have held that the lodestar—

---

2. While ERISA does not explicitly allow for recovery of auditor fees, it authorizes such other legal and equitable relief as a court deems appropriate. See 29 U.S.C. § 1132(g)(2). Based on this language, courts have routinely interpreted ERISA to authorize audit costs as part of a damages award. See, e.g., Ferrara v. CMR Contracting LLC, 2012 WL 987497, at *7 (E.D.N.Y. 2012) (awarding $700 in audit fees for two estimated audits conducted); Ferrara v. Stallone Testing Labs., Inc., 2011 WL 3847123, at *8–9 (E.D.N.Y. 2011) (same), adopted by 2011 WL 3847406 (E.D.N.Y. 2011).

4

the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee' ") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (and following Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010)). The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984), and the relevant community is generally the "district in which the court sits," Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

The Plaintiffs in this case are seeking the following attorneys' fees:

| Name | Position/Title | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Christopher Smith | Of Counsel | $450 | 4.25 | $1912.50 |
| Arthur J. Muller | Senior Associate | $410 | 16.75 | $6867.50 |
| Kevin King | Unadmitted Associate | $120 | 7.8 | $936.00 |
| Michelle Salerno | Senior Paralegal | $120 | 2.1 | $252.00 |
| Anna Chiarolanza | Paralegal | $120 | 1.65 | $198.00 |
| **TOTAL** | | | | **$10,166.00** |

Plaintiffs were represented in this action by attorneys Christopher Smith ("Smith), Arthur J. Muller III ("Muller") and Kevin King ("King"). Declaration of Arthur J. Muller III ("Muller Decl."), ¶ 26, DE [12]. Smith, of counsel, is a graduate of Pace University with over twenty

years of experience in this field. Id. ¶ 31. Muller, an associate, is 2015 *magna cum laude* graduate of Pace University School of Law with more than four years' experience representing employee benefit plans. Id. ¶ 30. King is an attorney who has yet to be admitted. Id. ¶¶ 26, 35. Michelle Salerno ("Salerno"), a senior paralegal, and Anna Chiarolanza ("Chiarolanza"), a legal secretary, also contributed to the case. Id. ¶¶ 26, 33-34. Salerno has a degree in paralegal studies from St. John's University and has over twenty years' experience in litigation with more than ten in the area of ERISA. Id. ¶ 33. No information regarding Chiarolanza's experience was provided. Smith billed his time for this matter at a rate of $450 per hour. Id. ¶ 26. Muller billed his time for this matter at a rate of $410 per hour. Id. ¶ 26. As recently as January 2021, Muller, King, Salerno and Chiarolanza have previously been awarded the rates requested here. See Gesualdi v. Tadco Constr.Corp., No. 19-CV-5606 (JS) (AYS), 2021 WL 260564, at *4 (E.D.N.Y. Jan. 5, 2021), adopted by, 2021 WL 260094 (E.D.N.Y. Jan. 26, 2021). Thus, the Court finds that the requested rates are appropriate here. As Smith is of counsel and has over twenty years of experience in this field, the undersigned finds the rate of $450 per hour, while at the high range of typical rates, is reasonable here.

Plaintiffs' application is supported by contemporaneous time records that detail the tasks the attorneys and the paralegals performed in connection with this action, as well as the time expended on each task. DE [12-5]. Having reviewed the documents submitted, this Court finds both the number of hours expended and the hourly rates to be reasonable.

In addition, the Plaintiffs seek to recover litigation costs, including but not limited to the filing fee and service fees. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." Viafara v. Mciz Corp., 2014 WL 1777438, at *15 (S.D.N.Y. Apr. 30, 2014).

6

This Court recommends awarding the plaintiffs the $634.63 sought in costs. See, e.g., Marshall v. Reisman, 2013 WL 1563335, at *5 (E.D.N.Y. Mar. 25, 2013).

Accordingly, the undersigned respectfully reports and recommends that the Plaintiffs be awarded $10,166 in attorneys' fees and $634.63 in costs. See Sheet Metals Workers' Nat. Pension Fund v. RHB Installations Inc., 2015 WL 1509498 (E.D.N.Y. Mar. 31, 2015).

### III.   Audit

Plaintiffs argue that notwithstanding an award of damages, they are entitled to an order requiring Defendant to submit to an audit and furnish its relevant books and records. See Compl. ¶ 20. The Trust Agreement states that "[a]lternatively or in addition to the foregoing and any other remedies provided by law, the Trustees may, in their discretion, apply for and be entitled to a mandatory injunction directing the Employer to produce its said books and records for audit." Trust Agreement, Art. IX, § 1(e), DE [13-1]. Although the agreement uses the term "injunction," Plaintiffs are not seeking prospective relief, but rather are seeking an order directing Defendant to produce its books and records for an audit for the same period as the Estimated Audit period." Pl. Memo of Law in Support of Def. J. at 14, DE [15]

Plaintiffs elected under the Trust Agreement to perform an estimated audit of Defendant for the period of July 30, 2014 through March 31, 2015 and this report recommends awarding estimated damages based upon that audit and for that time period. Consequently, it does not make sense "at this stage to issue an affirmative injunction ordering defendants to submit to an audit for this exact same period of time, when plaintiffs are recovering estimated damages that have been calculated in the manner prescribed under the Trust Agreement." Gesualdi v. MBM Indus., Inc., No. CV–10–2607, 2010 WL 3724348, at *3 (E.D.N.Y. Sept.15, 2010); see also Metro D Excavation & Found., 2011 WL 3610896 at

*8 (denying request for an order requiring employer to submit to an audit because report already recommended that plaintiff be awarded "estimated unpaid contributions in accordance with the formulas set forth in the trust agreement"). Accordingly, the Court recommends that Plaintiffs' request for an order requiring Defendant to submit to an audit be denied.

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends:

(1) a default judgment is warranted and should be GRANTED against Defendant Nastasi & Associates, Inc.;

(2) Plaintiffs' request of $36,960.46 for estimated unpaid contributions be GRANTED;

(3) Plaintiffs' request of $96.57 for interest on late paid contributions be GRANTED;

(4) Plaintiffs' request of $28,161.49 for interest on estimated unpaid contributions be GRANTED;

(5) Plaintiffs' request of $28,161.49 for liquidated damages and $1506.51 for liquidated damaged on late contributions be GRANTED;

(6) Plaintiffs be awarded additional interest to be calculated at a rate of $18.22 per day from March 28, 2019 through the date of judgment herein;

(7) Plaintiffs be awarded $10,166.00 for attorneys' fees;

(8) Plaintiffs be awarded a total of $634.63 in other costs; and

(9) Plaintiffs' request for an order requiring Defendant to submit to an audit be DENIED.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiffs to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant at their known address(es) and to file proof of

service on ECF by February 17, 2021.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
February 11, 2021

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge